SHIREK *v.* ROESINK.

1. FRAUDS, STATUTE OF—SALES—PART PERFORMANCE OF PAROL CONTRACT.

Parol contract for sale of goods of value of $100 or upwards, to be delivered at some future time, may be validated by acceptance of part of the goods (2 Comp. Laws 1929, § 9443), but in such case the contract is the parol agreement and not the order made out by seller's agent and not signed by buyer.

2. SAME—GOODS MANUFACTURED ESPECIALLY FOR BUYER.

   If goods are to be manufactured by seller especially for buyer, and are not suitable for sale to others in ordinary course of seller's business, then verbal contract is valid (2 Comp. Laws 1929, § 9443, subd. 2).

3. CONTRACTS—PAROL CONTRACT—FINDINGS OF COURT.

   In action on parol contract for sale of goods, finding of trial judge that, under contract, buyer had right of rejection, *held*, supported by evidence and course of dealings between parties.

Error to Wayne; Webster (Clyde I.), J. Submitted January 20, 1931. (Docket No. 36, Calendar No. 34,917.) Decided April 7, 1931. Rehearing denied June 1, 1931.

Assumpsit by Milton L. Shirek and Arthur Z. Hirsch, copartners, doing business as Shirek & Hirsch, against John A. Roesink, doing business as Roesink Pants Store, for the purchase price of a quantity of clothing sold defendant under a parol contract. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Finkelston, Lovejoy & Kaplan (Henry Glicman, of counsel), for plaintiffs.*

WIEST, J. Defendant gave an agent of plaintiffs a verbal order for novelty clothing. The agent filled out order sheets identifying by numbers the kind of clothing so ordered and purporting to state the terms of sale. The order sheets were not signed by defendant but copies thereof were given to him. Goods were shipped from time to time to defendant, some of which were accepted and paid for, and some in part rejected, returned to plaintiffs, and credit given defendant therefor. The last shipment, claimed to have been of special manufacture, was refused by defendant. Plaintiffs claim there was a

valid contract for all the goods by reason of part performance, and brought this suit to recover $1,964.20, for the last and wholly rejected shipment. Defendant, under his plea, gave notice of the statute of frauds and also an agreed right of rejection duly exercised. The issues were tried without a jury, the facts found by the court, and judgment entered for defendant. Plaintiffs filed exceptions to the findings and prosecute review by writ of error.

Plaintiffs contend that the unsigned orders constitute the contract between the parties to the exclusion of parol evidence. A parol contract for the sale of goods of the value of $100 or upwards, to be delivered at some future time, may be validated by acceptance of part of the goods (2 Comp. Laws 1929, § 9443), but in such case the contract is the parol agreement and not the order made out by plaintiffs' agent and not signed by defendant. "If the goods are to be manufactured by the seller especially for the buyer, and are not suitable for sale to others in the ordinary course of the seller's business," then a verbal contract is valid. 2 Comp. Laws 1929, § 9443, subd. 2; *Ericsson-Manfg. Co.* v. *Caille Bros. Co.*, 195 Mich. 545. In either event the parol contract governs.

The circuit judge found that the contract was as claimed by defendant, and, under its terms, defendant had a right to refuse the consignment of goods in suit. The evidence and course of dealings between the parties support the finding.

The judgment is affirmed. Defendant not having filed a brief will not recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.